UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIS GEORGE JR., | Case No. 2:23-cv-00844-WBS-JDP (PC) |
| Plaintiff, | ORDER |
| v. | |
| A. LOPEZ, *et al.*, | |
| Defendants. | |

Plaintiff brings this section 1983 case against various defendants at the California Health Care Facility. ECF No. 5 at 2, 10. The specifics of his allegations are difficult to understand, but he claims that he suffers from Amyotrophic Lateral Sclerosis ("ALS") and that defendant Lopez, a correctional officer, used excessive force against him. *Id.* at 3-4. Numerous other defendants are listed, but the complaint contains no straightforward recitation of the facts, and I cannot tell how these other defendants are alleged to have been involved in violating plaintiff's rights. Indeed, the complaint provides few specifics of the encounter between Lopez and plaintiff, save for the allegation that the force Lopez used was excessive and that plaintiff was wheelchair-

1

bound. I will grant plaintiff leave to amend so that he may make allegations in a plain, straightforward manner that addresses how each named defendant violated his rights.

### Screening Order

#### I.     Screening and Pleading Requirements

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.     Analysis**

As described above, plaintiff's complaint does not contain a plain statement of his allegations that puts each defendant on notice as to the claims being made against them.  Thus, it does not meet federal pleading standards.  *See Austin v. Terhune*, 367 F.3d 1167, 1171 (9th Cir. 2004) ("Pleadings need suffice only to put the opposing party on notice of the claim. . . . Specific legal theories need not be pleaded so long as sufficient factual averments show that the claimant may be entitled to some relief.") (internal quotation marks omitted).  Plaintiff may file an amended complaint that comports with these standards.  In so doing he is advised that I will consider only allegations made in the complaint itself; I will not attempt to guess at or derive allegations from prison grievances or other documents attached to the complaint.

Plaintiff is advised that the amended complaint will supersede the current complaint.  *See Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc).  This means that the amended complaint will need to be complete on its face without reference to the prior pleading.  *See* E.D. Cal. Local Rule 220.  Once an amended complaint is filed, the current complaint no longer serves any function.  Therefore, in an amended complaint, as in an original complaint, plaintiff will need to assert each claim and allege each defendant's involvement in sufficient detail.  The amended complaint should be titled "Amended Complaint" and refer to the appropriate case number.

Accordingly, it is ORDERED that:

1. Within thirty days from the service of this order, plaintiff may file an amended complaint.  If he does not, I will recommend this action be dismissed.

2. The Clerk of Court is directed to send plaintiff a complaint form.

IT IS SO ORDERED.

Dated:     October 6, 2023

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

3