UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIS GEORGE JR., <br><br>  Plaintiff, <br><br> v. <br><br> A. LOPEZ, *et al.*, <br><br>  Defendants. | Case No.  2:23-cv-00844-WBS-JDP (PC) <br><br> **ORDER** <br><br> FINDING THAT THE SECOND AMENDED COMPLAINT STATES A COGNIZABLE EIGHTH AMENDMENT EXCESSIVE FORCE CLAIM AGAINST DEFENDANT LOPEZ AND DIRECTING SERVICE <br><br> ECF No. 18 <br><br> **ORDER** <br><br> THAT PLAINTIFF'S MOTION FOR EXTENSION OF TIME IS GRANTED <br><br> ECF No. 17 <br><br> **FINDINGS AND RECOMMENDATIONS** THAT ALL OTHER DEFENDANTS BE DISMISSED <br><br> OBJECTIONS DUE WITHIN FOURTEEN DAYS |

  Plaintiff brings this section 1983 case against defendant Lopez, a correctional officer at the California Health Care Facility, alleging that she used excessive force against him. ECF No. 18 at 6. This claim is cognizable and should proceed. Having reviewed the complaint, however,

1   I can identify no explicit claims against any of the other defendants—Astorga, Chang, Lor,
2   Eniola, Orozco, Howard, and Khan.  Accordingly, I recommend that they be dismissed from this
3   action.  Finally, I will grant plaintiff's motion for extension of time, ECF No. 17, and deem the
4   operative complaint timely.

## Screening Order

### I.   Screening and Pleading Requirements

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee.  *See* 28 U.S.C. § 1915A(a).  The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.      Analysis**

As described above, plaintiff alleges that defendant Lopez, a correctional officer, hit him in the head and neck, knocking him out of his wheelchair.  ECF No. 18 at 10.  This Eighth Amendment claim is cognizable and should proceed.  The complaint fails to explicitly make any claim against the other defendants named in the caption—Astorga, Chang, Lor, Eniola, Orozco, Howard, and Khan.[1]  Thus, I recommend they be dismissed.

Accordingly, it is ORDERED that:

1.  Plaintiff's motion for extension of time, ECF No. 17, is GRANTED and his second amended complaint is deemed timely.

2.  Under 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c), the court has screened the second amended complaint, ECF No. 18, and found service appropriate for defendant Lopez based on plaintiff's Eighth Amendment claim against her.  Accordingly, I will direct service only for this defendant.  If this defendant either waives service or is personally served, they are required to reply to the complaint.  42 U.S.C. § 1997e(g)(2).

3.  Service shall be initiated on:

- A. Lopez, a correctional officer at the California Health Care Facility

4.  Service on the parties in this case shall proceed under the court's E-Service pilot program for civil rights cases for the Eastern District of California.  The purpose of the program is to have the complaint served faster so that defendants respond sooner.  "E-Service" means that instead of having plaintiffs fill out service paperwork for the United States Marshal to mail to the defendants or through personal service, the court will provide paperwork regarding the defendants electronically to the California Department of Corrections and Rehabilitation ("CDCR") and the California Attorney General's Office, each of which has agreed to participate in this program.  If those entities are unable to effectuate service, then the matter will be referred to the United States Marshal for service.  However, to the extent that any of these entities are unable to effectuate service of process, the court may issue further orders requiring the plaintiff to assist in

---

[1] Some of these names arise in the exhibits attached to the complaint, but I decline to infer claims that plaintiff has not made.

effectuating service. But plaintiff need not attempt service on the defendants and need not request waiver of service.

5. In accordance with the pilot program, the Clerk of Court is directed to serve this order via email to CDCR, along with a summons and the operative complaint. No later than forty days after service of this order, CDCR shall file with the court the "CDCR Notice of E-Service Waiver" advising the court which defendants will waive service of process. In this same notice, CDCR shall also notify the court whether any defendants decline to waive service or could not be reached. The CDCR's Notice of E-Service Waiver shall also be served on the California Attorney General's Office and the United States Marshal.

6. Within thirty days of the filing of CDCR's Notice of E-Service Waiver, the California Attorney General's Office shall file a waiver of service of process for any defendant who is waiving service of process consistent with Federal Rule of Civil Procedure 4(d)(1). A defendant who timely waives service need not serve an answer to the complaint until sixty days after the waiver of service of process was sent, or until ninety days after it was filed to any defendant outside any judicial district of the United States. For any defendant who CDCR advises will be waiving service, the date CDCR files its Notice of E-Service Waiver will be considered the date the request for waiver was sent. If relief from this order is necessary, the Attorney General may seek relief by way of special appearance. Any such special appearance will not be construed as a personal appearance on behalf of any defendant and will not waive service or any defects in service, unless and until a waiver of service or responsive pleading is filed.

7. Upon filing the Notice of E-Service Waiver, the Clerk of Court shall provide a copy to the United States Marshal of the operative complaint, the summons and this Order for any defendant who has not waived service according to the CDCR Notice of E-Service Waiver. Upon receipt of those documents, the United States Marshal shall serve process of the complaint, summons, and this order upon each defendant who has not waived service pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c). The United States Marshal may command all necessary assistance from the Office of Legal Affairs at CDCR and may seek the assistance of a special investigator if the litigation officer at the institution is unable to assist in

identifying and/or locating defendants. If any confidential information is provided by a third party to effectuate service, including CDCR, the United States Marshal shall maintain the confidentiality of all information provided to them.

8. No later than ten days after personal service is effectuated, the United States Marshal shall file the return of service, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in completing service. These costs shall be enumerated on the USM-285 form and shall include the costs incurred by the United States Marshal for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against each personally served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2). The United States Marshal shall file the returned waivers of service, or the requests for waiver of service if returned as undelivered, once received.

9. If a defendant subsequently waives service, the defendant is required to return the signed waivers to the United States Marshal. The filing of an answer or a responsive motion does not relieve a defendant of this requirement, and the failure to return the signed waivers may subject the defendant to an order to pay the costs of service pursuant to Federal Rule of Civil Procedure 4(d)(2).

Further, it is RECOMMENDED that all defendants other than A. Lopez be DISMISSED from this action due to plaintiff's failure to state a cognizable claim against them.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   June 5, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE